UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **MICHAEL WRENCHER,** )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>**EDDIE BUSS,** )<br>)<br>Respondent ) | No. 3:05cv0638 AS |

*MEMORANDUM OPINION AND ORDER*

On or about October 5, 2005, *pro se* petitioner, Michael Wrencher, an inmate at the Indiana State Prison (ISP) in Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on January 6, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on January 26, 2006, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the ISP in this district. A good starting place for this judicial journey is with the Court of Appeals of Indiana in its unpublished memorandum decision authored by Judge Riley and entered May 13, 2005. Such was concurred in by Judges Sullivan and Najam. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached

hereto and incorporated herein. The Supreme Court of Indiana denied transfer on August 25, 2005. Certainly this action by the second highest court in the State of Indiana is entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1), unless this petitioner sustains his burden to rebut this presumption by clear and convincing evidence, and he has not.

Of earlier and important concern is the decision of the Supreme Court of Indiana in *Winter v. State*, 635 N.E. 2d 1095 (Ind. 1994). That decision as indicated upheld the sentences imposed in the state courts in Lake County, Indiana in 1992, which sentences were 100 years for attempted murder and murder. He was found guilty by a jury in Lake County, Indiana and was found to be a habitual offender. The conviction and sentence was upheld by the Supreme Court of Indiana on June 22, 1994. Thereafter, this petitioner returned to the state trial court seeking post-conviction relief which was denied in October 2004, setting the stage for the aforesaid decision of the Court of Appeals of Indiana. It would appear that this petitioner gets any benefit from *Houston v. Lack,* 487 U.S. 266 (1988).

Not surprisingly, the Attorney General of Indiana bottoms an argument here on the statute of limitations found in 28 U.S.C. §2244(d)(1), as a part of the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1997 after a judicially created year of grace. *See* especially *Artuz v. Bennett*, 531 U.S. 4 (2000). According to the argument advanced by the Attorney General of Indiana, the petitioner's conviction was final on September 20, 1994 with the expiration of the time within which to seek a writ of certiorari to the Supreme Court of the United States. *See*

*Griffith v. Kentucky*, 479 U.S. 314 (1987). This petitioner had until April 24, 1997 to file an action under 28 U.S.C. §2254. *See Newell v. Hanks,* 283 F.3d 827 (7th Cir. 2002). As indicated, this petition was prepared and filed on or about October 5, 2005, and this court is giving this petitioner the full benefit of *Houston* as aforesaid. The Attorney General of Indiana contends that the tolling provision of §2244(d)(2) does not salvage the timeliness of this petition. This court is inclined to agree. *See Fernandez v. Sternes*, 227 F.3d 977 (7th Cir. 2000).

It is beyond any doubt that the provisions regarding the statute of limitations in AEDPA has some hard edges, but it is the burden of this court to follow the law on the subject as enunciated by the Congress, the Supreme Court of the United States, and the Court of Appeals for the circuit here. All of those authorities compel the **DENIAL** of this petition because it is filed out of time. **IT IS SO ORDERED**.

**DATED:** March 1, 2006

**S/ ALLEN SHARP**
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**

3