UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL WRENCHER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>EDDIE BUSS, )<br>)<br>Respondent. )<br>) | Cause No. 3:05-CV-638 AS |

**OPINION AND ORDER**

On March 20, 2006, Mr. Wrencher filed a Petition for Certificate of Appealability ("CA"), and a motion to proceed *in forma pauperis* on appeal. When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Congress codified the Barefoot standard at 28 U.S.C. § 2253, see *Slack v. McDaniel*, 529 U.S. 473, 475 (2000), in order to prevent frivolous appeals from delaying a state's ability to impose sentences. *Barefoot*, 463 U.S. at 892. The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. *Id*. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (citations omitted) (emphasis added).

Mr. Wrencher's petition was dismissed because it was not filed within the one year

statute of limitations. 28 U.S.C. § 2244(d)(1). Mr. Wrencher's direct appeal was completed on June 22, 1994. Since this date was before the effective date of the statute of limitations, Petitioner had until April 24, 1997, within which to file a federal habeas petition. 28 U.S.C. § 2244(d)(2); *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002). He did not file this petition until October 11, 2005. Pursuant to 28 U.S.C. § 2244(d)(1)(A), Mr. Wrencher had one year from the "expiration of the time for seeking (direct) review"to file his habeas petition. The filing of the post-conviction petition failed to toll the statute of limitations because the time had already run when it was filed. Thus, his petition filed October 11, 2005 was too late because over five years of delay had lapsed.

In short, none of the issues presented to the court in the application for certificate of appealability make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan*, 45 F.3d. 1040 (7th Cir. 1995). Accordingly, petitioner's application for a certificate of appealability pursuant to Fed. R. App. P. 22(b) is hereby **DENIED** because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge."

The petitioner filed a motion to proceed *in forma pauperis*. Because Mr. Wrencher's petition was dismissed as untimely and he makes no assertion that it is timely, this appeal is not taken in good faith because it has no merit. *See Walker v. O'Brien*, 216 F.3d 626, 632

(7th Cir. 2000). Accordingly, the motion to proceed *in forma pauperis* is **DENIED**.

    SO ORDERED.
    ENTERED: April 18, 2006

                                                              S/ ALLEN SHARP
                                          ALLEN SHARP, JUDGE
                                          UNITED STATES DISTRICT COURT